# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. DAVID M. JONES

### Appeal from the Circuit Court of Montgomery County
### No. 41000604     Michael R. Jones, Judge

---

### No. M2011-01686-CCA-R3-CD - Filed July 13, 2012

---

David M. Jones ("the Defendant") pled guilty to one count of attempted second degree murder, with no agreement as to sentence. After a sentencing hearing, the trial court sentenced the Defendant to twelve years' incarceration, consecutive to a prior conviction. The Defendant has appealed the length of his sentence. Upon our thorough review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment
### of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Travis N. Meeks, Clarksville, Tennessee, for the appellant, David M. Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; John Carney, District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted on one count of attempted first degree (premeditated) murder and one count of aggravated assault, committed on March 17th, 2010. The Defendant pled guilty to a single count of attempted second degree murder with no agreement as to sentence. As a part of the plea agreement, the State dismissed the aggravated assault count.

At the sentencing hearing, William Larson, the victim, testified that the Defendant stabbed him repeatedly, including cutting him across his throat. He lost 2.9 liters of blood and suffered a collapsed lung. He was hospitalized and had surgery. After four days in the trauma center, he moved to the Veterans Administration Hospital.

The attack occurred in Larson's home. Larson explained that the Defendant, whom he knew, had come to his home with another man, whom the Defendant introduced as "Adam, his cousin." Larson let both men, who were each carrying a can of beer, into his home. The Defendant, however, did not appear intoxicated. While Larson was speaking with the Defendant, Adam went out to the Defendant's vehicle, returned inside, and dropped a knife. The Defendant picked up the knife and attacked Larson, telling Larson "he wanted the guns out of the safe." Larson testified:

> after he stabbed me in here (indicating) and then [the Defendant] said I'll kill you and get it over with. And then he stabbed me down here and I told [the Defendant], I'll open up the safe, you can have the guns, there is gold, silver, and money in the safe and that's when Adam started yelling, he's trying to trick you, kill him, kill him, kill him.

Larson stated that the Defendant knew that Larson kept his hunting guns in the safe.

Larson testified that, after the attack, he is afraid to help other people. He also "hurt[s] all the time." He stays home and does not answer the door or the telephone. He no longer feels safe in his home.

The Defendant made a statement, apologizing and explaining that he was "pretty drunk that night."

In addition to Larson's testimony, the presentence report was admitted into evidence without objection. The report indicates that, on January 19, 2007, the Defendant was convicted of false imprisonment and aggravated assault. For these crimes, he received sentences of eleven months, twenty-nine days, suspended, and three years, suspended, respectively. On July 11, 2007, the Defendant was convicted of robbery and received a sentence of three years to serve in the Tennessee Department of Correction. Additionally, the Defendant's previous sentence of probation was revoked in February 2011 as a result of the instant offense.

The trial court also admitted into evidence the Defendant's pleading titled "Mitigating Factors" in which the Defendant averred that he had acted under the strong provocation of Adam Chison; that he was "blind drunk" at the time; that he suffered from "serious chemical dependency problems as well as anti-social personality disorders"; that the episode was not

planned and it was unlikely "that there was ever a sustained intent to violate the law"; and that he had been subjected "to the undue influence of another because of his severe intoxication and lack of judgment at the time."

After considering the evidence adduced at the sentencing hearing, the statement of facts provided at the guilty plea hearing,[1] the presentence report, "the principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, [and] the evidence and information offered by the parties on mitigating and enhancement factors," the trial court rejected several of the Defendant's proffered mitigating factors but applied in mitigation his guilty plea and his expressed remorse. As to enhancement factors, the trial court found that the Defendant has a criminal history in addition to that necessary to establish his range. The trial court also found that the Defendant was on probation when he committed the instant offense. The trial court sentenced the Defendant as a Range I offender to twelve years, noting, "[t]his is a terrible, terrible event, totally no reason whatsoever. Prior convictions and the fact that he was on probation greatly outweigh the mitigating factors."

The trial court also determined that confinement was appropriate as "necessary to protect society by restraining a defendant who has a long history," "necessary to avoid depreciating the seriousness of the offense," as "particularly suited to provide an effective deterrence," and because "measures less restrictive have frequently and recently been applied unsuccessfully." Accordingly, the trial court ordered the Defendant to serve his sentence in the Tennessee Department of Correction.

The trial court also ordered the instant sentence to be served consecutively to the sentence the Defendant was serving on his previous conviction of aggravated assault. In so ordering, the trial court stated the following:

> under 40-35-115, he was on probation at the time of the event. He is an offender whose record of criminal activity is extensive. He is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime to which the risk to human life is high.
>
> Mr. Larson is fortunate to be alive. There is absolutely no doubt of that. Based on the two prior violent offenses, an extended sentence is necessary to protect the public against further criminal conduct by this defendant. This is about the most severe attempted second-degree murder there could be. You don't have to even have any injuries whatsoever. This is very severe so the

---

[1] The record on appeal does not contain a transcript of the guilty plea hearing.

consecutive sentence is reasonably related to the severity of the offense that was actually committed, so that twelve year sentence will be consecutive to the sentence that he is presently serving [on the aggravated assault].

The Defendant has now appealed, arguing that twelve years is an excessive sentence in light of the two mitigating factors and single enhancement factor applied by the trial court. The Defendant does not take issue with the trial court's order of consecutive service.

**Analysis**

In making its sentencing determination, a trial court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010). The trial judge also should consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5) (2010).

When the record affirmatively shows that the trial court considered the statutory sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption that the trial court's determinations are correct. See Tenn. Code Ann. § 40-35-401(d) (2010); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Also, when the trial court considered all of the criteria set out in Tennessee Code Annotated section 40-35-210(b), imposed a sentence within the applicable range, set forth its reasons for imposing the particular sentence, and the record establishes that the trial court's findings of fact are

adequately supported, we may not disturb the sentence even if we would have preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). When the record does not demonstrate that the trial court gave due consideration to the requisite criteria, our review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169. The appealing party, here the Defendant, bears the burden of establishing that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts; see also Ashby, 823 S.W.2d at 169.

The Defendant was sentenced as a Range I, standard offender. Attempted second degree murder is a Class B felony, see Tenn. Code Ann. §§ 39-12-107(a) (2010), 39-13-210(c) (2010), and the Range I sentence for a Class B felony is eight to twelve years, see id. § 40-35-112(a)(2) (2010). In determining the appropriate length of a sentence within the applicable Range, a trial court must consider the applicable mitigating and enhancement factors. See id. § 40-35-210(b)(5), (c)(2) (2010). The weight to be given the various applicable factors, however, is left to the trial court's sound discretion. Carter, 254 S.W.3d at 345.

In this case, the trial court sentenced the Defendant to the maximum term available. The Defendant complains that the maximum sentence is "excessive under the consideration set out in T.C.A. § 40-35-210(c) and . . . inconsistent with the purposes of sentencing set out in T.C.A. § 40-35-102(2)." We disagree.

As set forth above, Tennessee Code Annotated section 40-35-210(b), (c) requires a trial court to consider mitigating and enhancing factors when deciding the length of a defendant's sentence within the applicable range. The weight to be given each applicable factor is left to the trial court's sound discretion. Carter, 254 S.W.3d at 345. Initially, we note that, contrary to the Defendant's argument, the trial court applied two enhancement factors, not one. The trial court enhanced the Defendant's sentence on the basis of his previous criminal convictions, see Tenn. Code Ann. § 40-35-114(1) (2010), and on the basis that the Defendant was on probation at the time he committed the instant offense, see id. § 40-35-114(13)(C).

In essence, the Defendant is asking this Court to reweigh the mitigating and enhancing factors applied by the trial court in setting the Defendant's sentence. This we may not do. See Carter, 254 S.W.3d at 345-46. As our supreme court has made clear, "[a]n appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

Tennessee Code Annotated section 40-35-102(2), also cited by the Defendant as entitling him to relief, provides that the Sentencing Act is intended "to assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and

providing a fair sense of predictability of the criminal law and its sanctions." Tenn. Code Ann. § 40-35-102(2) (2010). The Defendant has provided this Court with no authority whatsoever for his apparent conclusion that his sentence is unjustifiably greater than those imposed on other defendants who have committed similar crimes. Moreover, given the facts and circumstances adduced at the sentencing hearing, the record supports the trial court's imposition of the maximum sentence for the Defendant's violent offense. Accordingly, this issue is without merit.

## **Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JEFFREY S. BIVINS, JUDGE